UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLE HOOPER,

    Plaintiff,

v.                          Case No. 8:15-cv-586-T-33JSS

NATIONWIDE INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

**ORDER**

This cause comes before the Court *sua sponte*. After providing Defendant Nationwide Insurance Company of America, the party that removed this action, an opportunity to demonstrate that the amount-in-controversy requirement has been satisfied, the Court remands this action to the Twelfth Judicial Circuit, in and for Manatee County, Florida.

**Discussion**

This action was removed to this Court from the Twelfth Judicial Circuit, in and for Manatee County, Florida on March 17, 2015, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000,

1

exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When removal is based on the first paragraph of 28 U.S.C. § 1446(b), as is the case here (Doc. # 1 at 4), a defendant may rely on their own affidavits, declarations, other documentation, or other summary-judgment type evidence. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754-55 (11th Cir. 2010). If "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1) (stating "[t]his is an action for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000), exclusive of costs and interest"). Furthermore, in its Notice of Removal (Doc. # 1), Nationwide states in a conclusory fashion that the amount in controversy exceeds $75,000.00 and relies on a pre-suit demand letter, which is attached to the Notice of Removal, to satisfy the amount-in-controversy jurisdictional threshold. (Id. at 3). The demand

letter requests that Nationwide tender policy limits in satisfaction of the claim. (Doc. # 1-2).

Concerned the record then before it did not demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00, the Court, on February 4, 2016, entered an Order directing Nationwide to file a supplemental memorandum demonstrating how the amount-in-controversy requirement had been met. (Doc. # 45). In response, Nationwide filed a supplemental memorandum that states:

> 3. Plaintiff has alleged that she sustained permanent injuries in the subject accident and is seeking compensation for past medical expenses, future medical expenses, lost wages, loss of future earning capacity, and non-economic damages.
> 4. On September 18, 2015, Plaintiff issued a settlement demand in the amount of $600,000.00. *See* correspondence from Plaintiff's Counsel attached hereto as Exhibit "A."
> 5. After mediation reached an impasse, Plaintiff served Defendant with a Proposal for Settlement in an amount well exceeding the $75,000.00 amount in controversy requirement established for diversity jurisdiction in the United States District Court, Middle District of Florida. *See* 28 U.S. Code § 1332
> 6. Plaintiff has alleged past medical expenses totaling at least $80,000.00 and future medical expenses ranging upwards of $28,000.00.

(Doc. # 46 at ¶¶ 3-6).

A second demand letter is attached to the supplemental memorandum, which shows that Hooper offered to settle the

3

case prior to mediation for $600,000. (Doc. # 46-1). Hooper also served a proposal of settlement after mediation reached an impasse (Doc. # 42), which according to Nationwide is "in an amount well exceeding the $75,000.00" amount-in-controversy requirement. (Doc. # 46 at ¶ 5). However, no documentation supporting the demand for $600,000 is included or attached to the second demand letter. (Doc. # 46-1). Nor does the supplemental memorandum contain any facts, or attachments, to support Nationwide's supposition as to the amount of the post-mediation demand or Hooper's past and future medical expenses. (Doc. # 46).

The Court notes that a demand to tender policy limits does not automatically establish that the amount-in-controversy requirement has been satisfied. Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (stating, "[i]n determining the amount in controversy in the insurance context, numerous courts have held that it is the value of the claim not the value of the underlying policy, that determines the amount in controversy") (internal quotation marks omitted) (citation omitted); see also Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No.

4

8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)); Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996) (noting pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking"). Likewise, the "mere allegation[] of severe injuries [is] insufficient to establish the amount in controversy." Green v. Travelers Indem. Co., No. 3:11-cv-922-J-37TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 8, 2011) (citing Ransom v. Wal-Mart Stores, Inc., 920 F. Supp. 176, 178 (M.D. Ga. 1996)).

A review of the pre-suit demand letter and second demand letter shows those demands to be mere puffery or posturing because, as presented to the Court, they do not detail facts to support Hooper's demands. Likewise, the post-mediation proposal of settlement has not been presented to the Court, despite the fact that Nationwide was afforded an opportunity to do so, and accordingly is not in the record for consideration. In addition, Nationwide has not submitted any documentation that would enable the Court to valuate Hooper's claim. Furthermore, despite the fact that this an uninsured/underinsured motorist claim, Nationwide has not

5

provided the Court with any information as to how much Hooper has already been paid through personal injury protection.

In sum, the Complaint does not claim a specific amount of damages and the Notice of Removal does not provide anything other than a conclusory assertion that the amount-in-controversy threshold has been satisfied. Not satisfied that Nationwide had carried its burden as the removing defendant, the Court afforded Nationwide an opportunity to demonstrate how the amount-in-controversy requirement had been met. However, Nationwide submitted a bare-bones supplement devoid of any documentation that would allow the Court to valuate Hooper's claim. The record before the Court does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. As such, the Court determines Nationwide has not sufficiently demonstrated that the jurisdictional amount-in-controversy threshold has not been satisfied. Therefore, this case is remanded to the Twelfth Judicial Circuit, in and for Manatee County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Twelfth Judicial Circuit, in and for Manatee County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>8th</u> day of February, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE